IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| PHILLIP DANIEL ADAMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 314-056 |
| JASON MEDLIN, Warden, and PAT CLARK, | ) ) ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. On September 17, 2014, the Court ordered Plaintiff to amend his complaint to correct certain pleading deficiencies. (Doc. no. 8.) Plaintiff has submitted an amended complaint in accordance with that order. (Doc. no. 10.) Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

## I.     SCREENING OF THE AMENDED COMPLAINT

### A.     BACKGROUND

Plaintiff names as Defendants in this case Jason Medlin, the Warden of WCF, and Pat Clark, the Medical Director at WCF. (Doc. no. 10, pp. 1, 4.) Taking all of Plaintiff's factual

allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On March 26, 2013, Plaintiff was diagnosed with Bell's palsy. (Id. at 5.) Plaintiff lost sight in his left eye and there was puss draining from the eye. (Id.) Medical personnel first treated the eye and prescribed Plaintiff medication on May 15, 2013, more than six weeks after the initial diagnosis. (Id.) The medication failed to treat the problems. (Id.)

On July 31, 2013, Plaintiff saw an outside specialist, who prescribed him Tobradex drops and ointment. (Id.) Plaintiff received the drops on August 16, 2013, and the ointment on November 1, 2013. (Id.) Both the drops and ointment were reordered on December 1, 2013, and Plaintiff received them on January 28, 2014. (Id.) The drops and the ointment were reordered on December 1, 2013, but Plaintiff did not receive the refills until January 28, 2014. (Id.) Plaintiff is again out of eye ointment and has not received more as of June 17, 2014, the date he signed this complaint. (Id.) Plaintiff states that Defendant Clark stopped ordering the medication even though his symptoms remain and has denied follow-up treatment. (Id.) Plaintiff states that he "remains partially blind" and seeks compensatory and punitive damages from each Defendant. (Id.)

### B. DISCUSSION

#### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S.

519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim against Defendant Medlin.

Plaintiff's amended complaint fails to state a claim against Defendant Medlin, the warden at WCF, because he is attempting to hold him liable merely because of his supervisory positions at WCF. However, "[s]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold a supervisor liable, Plaintiff must demonstrate that either (1) he actually participated in the alleged constitutional violation, or (2) there is a causal connection between his actions and the alleged constitutional violation.

4

See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff merely concludes that Defendant Medlin "approved" the "practice of deliberate indifference." (Doc. no. 10, p. 5.) Nowhere does Plaintiff allege that Defendant Medlin was the individual responsible for making the medical determination as to which inmates need medical attention, let alone for evaluating Plaintiff's eye and determining whether he needed medication.

Plaintiff must therefore allege a causal connection between Defendant Medlin and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff merely alleges that Defendant Medlin "approved" the deliberate indifference, presumably because of his position as warden of WCF. (Doc. no. 11, Ex. 4.) This falls far short of alleging a causal connection under the above standard.

In sum, Plaintiff has not shown Defendant Medlin actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against this Defendant, and he should be dismissed from the case. In a companion Order, the Court allows Plaintiff to proceed with his Eighth Amendment deliberate indifference claim against Defendant Clark.

## II. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant Medlin be **DISMISSED** from this case.

SO REPORTED and RECOMMENDED this 4th day of November, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA